AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

FILED BY _____ D.C.

JUL 10 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| | |
|---|---|
| United States of America<br>v.<br>DEANDRE SHAWN BURGESS<br><br>_____<br>Defendant(s) | )<br>)<br>) Case No. 17-8271-WM<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 14, 2016__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | Possession of a Firearm by a Prohibited Person - Convicted Felon |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Timothy D. Trenschel, Special Agent / ATF
Printed name and title

Sworn to before me and signed in my presence.

Date: July 10, 2017

_____
Judge's signature

City and state: West Palm Beach, Florida

Hon. William Matthewman, US Magistrate Judge
Printed name and title

# AFFIDAVIT

I, Timothy D. Trenschel, being first duly sworn, hereby deposes and says:

1. That I serve as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), of the United States Department of Justice, and have been so employed since 2005. Prior to this your affiant was a metropolitan police officer in Lexington, Kentucky, for over five years. During his tenure with ATF, your affiant has received specialized training regarding the investigation and enforcement of Federal firearms violations and has been involved in hundreds of investigations regarding the unlawful possession of firearms.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to arrest DEANDRE SHAWN BURGESS, year of birth – 1993. No information known to me that would tend to negate probable cause has been withheld from this affidavit.

3. On June 17, 2016, Drug Enforcement Administration Task Force Officer Lisa Meade was contacted by a confidential source (herein CS), who reported that an individual identified as Deandre Shawn BURGESS, had left a pistol on top of CS' refrigerator on June 14, 2016. On June 17, 2016, Task Force Officer Meade and ATF Special Agent Tim Trenschel went to CS' residence in Palm Beach County, Florida. CS directed TFO Meade and Special Agent Trenschel to a refrigerator located inside of his residence where TFO Meade and Special Agent Trenschel located an FEG model PMK-380, bearing serial number N25487 on top of the refrigerator. Further inspection of the .380 caliber pistol revealed that it was loaded with eight (8) rounds of Winchester-Western

ammunition, caliber .380. ATF Special Agent Trenschel took possession of the firearm and eight rounds of ammunition and placed them in ATF evidence.

4. Special Agent Trenschel conducted a criminal history check which revealed Deandre Shawn BURGESS was convicted of Delinquent in Possession of a Firearm, a felony, in the 15th Judicial Circuit Court in and for Palm Beach County, Florida on 10/23/2012 and filed under case #2012CF007255. He was later convicted of Grant Theft of a Motor Vehicle and Burglary of a Conveyance, both felonies, in the 15th Judicial Circuit Court in and for Palm Beach County, Florida on 7/24/2013 and filed under case #2013CF004164. These felony offenses are punishable by a term of imprisonment exceeding one year under Florida law and as such BURGESS is prohibited from possessing firearms and ammunition under federal law.

5. On June 17, 2016, after agents had left CS' residence, CS contacted TFO Meade and advised BURGESS had just called looking for his firearm. A review of the call revealed BURGESS asked to come by and "grab the thing and shit." CS understood "the thing" to mean BURGESS' firearm. TFO Meade instructed CS to call BURGESS back and initiate a conversation to have BURGESS be more specific about the object he needed from CS. During that second conversation, BURGESS told CS that BURGESS needed to come by to pick something up. When CS asked what BURGESS needed, BURGESS replied "get banger and shit" and to "pick up my banger." CS clarified that BURGESS left this object at CS' residence. CS advised "banger" is a common street term for a firearm and believed BURGESS was asking to come by CS' residence to pick up the firearm left earlier in the week.

6. On or about June 20, 2016, CS contacted DEA TFO Lisa Meade and reported that BURGESS had sent him a text message inquiring about the firearm. TFO Meade viewed the text message, which read, ""Bro this Dee Wea mi banger I'm at ya house." CS understood this text message to mean BURGESS was asking CS where BURGESS' firearm was located. CS and BURGESS met on June 22, 2016, unintentionally, at a common acquaintance's residence. CS relayed to TFO Meade that CS told BURGESS a story about losing the firearm.

7. Custody of the firearm was transferred to the Palm Beach County Sheriff's Office for the purpose of commencing DNA analysis and on January 25, 2017 the Palm Beach County Sheriff's Office Forensic Biology Unit alerted S/A Trenschel that the profile derived from DNA swabs taken from the FEG pistol and magazine matched an existing profile in the FBI's Combined DNA Index System (or CODIS) for Deandre BURGESS, collected as part of an earlier arrest.

8. I am aware that the FEG model PMK-380 is of international manufacture, having been imported into the United States by K.B.I. Incorporated (Harrisburg, PA), and has therefore traveled in foreign or interstate commerce.

WHEREFORE, based on the foregoing, your affiant believes probable cause exists that Deandre Shawn BURGESS, on or about June 14, 2016, did commit the following federal criminal violation: Possession of a Firearm by a Prohibited Person – Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1).

FURTHER, YOUR AFFIANT SAYETH NAUGHT.

Special Agent Timothy D. Trenschel
Bureau of Alcohol, Tobacco, Firearms & Explosives

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 10TH DAY OF JULY, 2017, AT
WEST PALM BEACH, FLORIDA.

HON. WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

### CASE NO. 17-8271-WM

**Defendant's Name:** DEANDRE SHAWN BURGESS

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|-------|-----------|-----------|--------------|
| 1 | Unlawful Firearm possession by a convicted felon | 18:922(g)(1) | 10 years<br>$250,000 fine<br>SR: 3 years<br>$100 Special Assessment |
|   | Forfeiture |           |              |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.    17-8271-WM

UNITED STATES OF AMERICA,

vs.

DEANDRE SHAWN BURGESS,

       **Defendant.**
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?    _____ Yes    __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?    _____ Yes    __X__ No

          Respectfully submitted,

          WIFREDO A. FERRER
          UNITED STATES ATTORNEY

BY: _____
          ADAM C. McMICHAEL
          ASSISTANT UNITED STATES ATTORNEY
          Florida Bar No. 0772321
          TEL (561) 820-8711